924 A.2d 513

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
PORFIRIO JIMENEZ, DEFENDANT–APPELLANT.

Argued April 26, 2007—Decided June 18, 2007.

*Stephen W. Kirsch,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney; *Mr. Kirsch, Joseph E. Krakora,* Assistant Public Defender and *Susan Remis Silver,* Deputy Public Defender, on the briefs).

*John K. McNamara, Jr.,* Assistant Prosecutor, argued the cause for respondent (*Michael M. Rubbinaccio,* Morris County Prosecutor, attorney).

*Paul H. Heinzel,* Deputy Attorney General, argued the cause for amicus curiae, Attorney General of New Jersey (*Stuart Rabner,* Attorney General, attorney).

PER CURIAM.

We granted defendant's motion to clarify our opinion in *State v. Jimenez,* 188 *N.J.* 390, 908 *A.2d* 181 (2006) (*Jimenez II* ), in which we adopted a framework for adjudicating *Atkins*[1] claims. We held that defendant had the burden of proving mental retardation by a preponderance of the evidence to the jury at a hearing after the guilt phase and prior to the penalty phase. *Jimenez II, supra,* 188 *N.J.* at 408, 908 *A.2d* 181. However, we did not express a view on whether there must be a unanimous jury finding or whether only one juror need reach that conclusion. As a consequence, defendant sought clarification of that issue. Because the finding of mental retardation is like a dispositive mitigating factor, we hold that if a single juror finds defendant has met his burden

---

[1] *Atkins v. Virginia,* 536 *U.S.* 304, 122 *S.Ct.* 2242, 153 *L.Ed.2d* 335 (2002).

of proving mental retardation by a preponderance of the evidence, defendant is not eligible to receive a penalty of death.

## I.

The facts of this case are more fully set forth in *State v. Jimenez,* 175 *N.J.* 475, 479–80, 815 *A.*2d 976 (2003). On June 7, 2001, defendant was arrested for the murder and sexual assault of ten-year-old W.C. *Id.* at 480, 815 *A.*2d 976. The State gave notice of its intent to seek the death penalty, which prompted defendant to file a pretrial motion claiming his mental retardation precluded such punishment. *Jimenez II, supra,* 188 *N.J.* at 395, 908 *A.*2d 181. In *Atkins, supra,* the United States Supreme Court held that in light of evolving standards of decency, the Eighth Amendment prohibits the execution of a mentally retarded defendant. 536 *U.S.* at 321, 122 *S.Ct.* at 2252, 153 *L.Ed.*2d at 350. However, the Court left it to the states to adopt procedures for determining whether a defendant was mentally retarded. *Id.* at 317, 122 *S.Ct.* at 2250, 153 *L.Ed.*2d at 348.

In *Jimenez II, supra,* we established the procedure for determining whether a capital defendant is mentally retarded, and therefore, not eligible for the death penalty. 188 *N.J.* at 408–09, 908 *A.*2d 181. We held that a defendant has the burden of proving "by a preponderance of the evidence at the close of the guilt-phase trial and before the penalty-phase trial begins" that he or she is mentally retarded. *Id.* at 408, 908 *A.*2d 181. We imposed that procedure in "the exercise of [our] general supervisory authority over trial administration." *Ibid.* (citation omitted).

We summarized our holding as follows:

The defendant may raise the issue of mental retardation during the guilt phase of the trial to negate an element of the crime, for example, to demonstrate the absence of intent to "purposely cause[ ] death or serious bodily injury resulting in death." *N.J.S.A.* 2C:11–3a. If the jury decides that the defendant is guilty, despite any defenses he or she may raise, it then considers whether a statutory capital trigger exists beyond a reasonable doubt. If the answer is no, the defendant is sentenced to a term of imprisonment. If the answer is yes, the defendant will have an opportunity to demonstrate to the jury, by a preponderance of the evidence, that he or she is mentally retarded. If the jury finds that the

defendant has met his or her burden, in this instance also, the defendant will be sentenced to a term of imprisonment. If the defendant does not meet his or her burden, a penalty-phase trial will be held and the jury must determine whether the aggravating factors outweigh the mitigating factors beyond a reasonable doubt. The defendant may at that point again present evidence of mental retardation as mitigation weighing against the death penalty.

[*Id.* at 408–09, 908 *A.*2d 181.]

## II.

Defendant contends that a non-unanimous jury verdict is the appropriate procedure to determine whether he is mentally retarded. Consequently, he argues that if one juror finds that he met his burden to show by a preponderance of the evidence that he is mentally retarded, a non-death sentence is required.

The State disagrees and argues that a unanimous finding of mental retardation by the jury is required before the imposition of the death penalty is barred. The State also urges that the jury should not be instructed as to the impact of a non-unanimous verdict. Amicus curiae, the Attorney General, similarly asserts that a unanimous jury verdict is required, but contends that if the jury is unable to reach a unanimous verdict, a new trial is required.

## III.

In *Mills v. Maryland,* 486 *U.S.* 367, 373–75, 108 *S.Ct.* 1860, 1865, 100 *L.Ed.*2d 384, 393–94 (1988), the United States Supreme Court held that mitigating factors need not be found unanimously because it would preclude deadlocked jurors from giving legal effect to mitigating factors in determining whether a defendant was death eligible. We reached a similar result under our law, explaining that

each juror must individually determine the existence of mitigating factors. As long as one juror perceives any mitigating factor relating to the defendant or to the crime that is not outweighed beyond a reasonable doubt by the aggravating factors, the jury must not sentence the defendant to death.... Only after such independent weighing by each juror may the unanimous agreement of all jurors lead to the imposition of the death penalty.

[*State v. Bey*, 112 *N.J.* 123, 161, 548 *A.*2d 887 (1988); *see State v. Koedatich*, 112 *N.J.* 225, 326–27, 548 *A.*2d 939 (1988), *cert. denied*, 488 *U.S.* 1017, 109 *S.Ct.* 813, 102 *L.Ed.*2d 803 (1989).]

In *Jimenez II, supra,* we characterized the finding of mental retardation of a defendant as "analogous to a conclusive mitigating factor in New Jersey's capital murder scheme." 188 *N.J.* at 406, 908 *A.*2d 181. Thus, the legal effect of a finding of mental retardation is like a conclusive mitigating factor that precludes the imposition of the death penalty. We conclude that because mental retardation is a conclusive mitigating factor, and because mitigating factors do not have to be found unanimously, a unanimous jury finding of mental retardation is not required to preclude a death sentence. Stated differently, if a single juror finds that a defendant has met the burden of proof for mental retardation, the defendant shall not be subject to a death sentence. *See State v. Flores,* 135 *N.M.* 759, 93 *P.*3d 1264, 1271 (2004) (holding that unless jury unanimously rejects defendant's claim of mental retardation, court shall impose life imprisonment).

As a result of our decision that a unanimous verdict is not required for a defendant to establish that he or she is mentally retarded and therefore, not eligible for a death sentence, we find no justification to require a separate proceeding at the close of the guilt-phase and before the penalty-phase portion of the trial to decide the issue. Rather, we conclude that the appropriate procedure is to give a defendant the opportunity to demonstrate to the jury in the penalty phase, by a preponderance of the evidence, that he or she is mentally retarded. If a single juror is satisfied that a defendant has met his or her burden, the defendant will be sentenced to a term of imprisonment.

We explained in *Jimenez II, supra,* that "defendant may raise the issue of mental retardation during the guilt phase of the trial to negate an element of the crime, for example, to demonstrate the absence of intent to 'purposely cause[ ] death or serious bodily injury resulting in death.' " 188 *N.J.* at 408, 908 *A.*2d 181 (citation omitted). If the jury determines that the defendant is guilty, "it then considers whether a statutory capital trigger exists beyond a

reasonable doubt." *Id.* at 409, 908 *A.*2d 181. Only if the answer is yes will the trial proceed to the penalty phase. We now hold that in that event, "defendant will have an opportunity to demonstrate to [*a single juror*], by a preponderance of the evidence, that he or she is mentally retarded." *Ibid.* (emphasis added).

In sum, a defendant may have as many as three opportunities to present a mental retardation issue: at pretrial before the trial court; before a jury during the guilt-phase trial; and finally, before a jury at the penalty-phase trial.

## IV.

We remand to the trial court for proceedings consistent with this opinion.

Justice ALBIN, dissenting.

I continue to adhere to my dissent in *State v. Jimenez,* 188 *N.J.* 390, 410, 908 *A.*2d 181 (2006), in which I concluded that the absence of mental retardation is a fact that the State must prove beyond a reasonable doubt to a jury before a defendant can be executed. In *Apprendi v. New Jersey,* 530 *U.S.* 466, 490, 120 *S.Ct.* 2348, 2362–63, 147 *L.Ed.*2d 435, 455 (2000), the United States Supreme Court declared that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." In *Atkins v. Virginia,* 536 *U.S.* 304, 321, 122 *S.Ct.* 2242, 2252, 153 *L.Ed.*2d 335, 350 (2002), the Court held that the Eighth Amendment to the United States Constitution forbids the execution of criminal defendants who are mentally retarded. It follows logically that only the fact of the absence of mental retardation permits the elevation of a sentence of life imprisonment to a death sentence. For that reason, I maintained that it was impermissible under both our Federal and State Constitutions to shift the burden of proof to the defendant, as the majority has done. *Jimenez, supra,* 188 *N.J.* at 411, 908 *A.*2d 181 (Albin, J., dissenting).

The current formula outlined by the majority for dealing with mental retardation—allowing for a life sentence if even one juror finds mental retardation—comes much closer to what I believe is contemplated by our Federal and State Constitutions. *See ante* at 454–55, 924 *A*.2d at 514. However, because the majority's formulation still does not comply with the dictates of *Apprendi* and *Atkins*, I must respectfully dissent.

Justice LONG joins in this opinion.

*For remandment*—Chief Justice ZAZZALI and Justices LaVECCHIA, WALLACE and RIVERA-SOTO—4.

*For dissent*—Justices LONG and ALBIN—2.